## J. ROBERTS *et al. v.* THE STATE.

1. BAIL — SURRENDER OF PRINCIPAL BY SURETIES. — The laws of this state provide but two modes in which bail can effect a surrender of their principal — one mode being by surrendering him into the custody of the sheriff of the county where he is prosecuted, and the other by making affidavit of a desire to surrender him, and thereby obtaining an order for his arrest.

2. SAME. — A strict compliance with one or the other of the modes above indicated is necessary to a valid surrender. The sheriff of the proper county is the only functionary authorized to receive it.

APPEAL from the District Court of Williamson. Tried below before the Hon. E. B. TURNER.

See the opinion for the facts.

No brief for the appellants.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.   In part answer to the *scire facias* issued upon the judgment *nisi* rendered on the forfeiture of the appearance bond in this case, appellants, who were the sureties, made a motion to quash the bond, which was properly overruled by the court.   The other portion of the answer, which was sworn to, set forth the fact that before the finding of the indictment against their principal, one of the sureties had delivered up the principal to the constable who had effected his arrest, and who had him in custody at the time of the execution of the appearance bond; and they claimed that they were released from further liability upon the bond by virtue of this surrender of their principal.   The county attorney demurred to the answer, and the court sustained the demurrer.   This is the main question presented by the record on this appeal from the judgment final.

Under our statute there are two modes by which a principal may be surrendered by his bail:   The first is that pointed out in article 273 of the Code of Criminal Procedure (Pasc. Dig., art. 2741), as follows:   "Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody *of the sheriff* of the county where he is prosecuted."   Or, secondly:   "Any

surety desiring to surrender the accused may, upon making a written affidavit of such intention, obtain a warrant for his arrest, which shall be executed as in other cases." Pasc. Dig., art. 2742.

These are the modes, and the only ones known to our law. The procedure is fully and explicitly stated in the articles 2741 to 2750, inclusive, and, according to our construction, must be pursued strictly. No officer save the sheriff can receive the accused from the hands of the bail when the surrender is proposed to be made by them of his person. This is an authority which the law has not conferred upon constables or any other officer. He must either be delivered up to " the custody of the sheriff of the county where he is prosecuted," or a written affidavit must be made, and a warrant for his arrest obtained, which will be executed as in other cases.

We perceive no error in the ruling of the court, and the judgment is, therefore, affirmed.

*Affirmed.*